Gowen v Helly Nahmad Gallery, Inc. (2024 NY Slip Op 02278)

Gowen v Helly Nahmad Gallery, Inc.

2024 NY Slip Op 02278

Decided on April 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 30, 2024

Before: Singh, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 650646/14 Appeal No. 2157&M-00174&M-003812 Case No. 2020-03128 

[*1]George W. Gowen etc., Respondent,
v
Helly Nahmad Gallery, Inc., et al., Appellants.

Aaron Richard Golub, Esquire, P.C., New York (Nehemiah S. Glanc of counsel), for appellants.
Landrigan & Aurnou, LLP, White Plains (Phillip C. Landrigan of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about June 16, 2020, which, to the extent appealed from as limited by the briefs, denied defendants' motion for an award of sanctions against plaintiff's counsel, Landrigan & Aumou, LLP (LAL) and nonparty Philippe Maestracci, unanimously affirmed, with costs.
The court's denial of defendants' sanctions motion was not a "clear abuse of discretion" (Grozea v Lagoutova, 67 AD3d 611, 611 [1st Dept 2009]). LAL attested that its representations to the discovery Referee, Supreme Court, and this Court that Maestracci, nonparty grandson of Oscar Stettiner, was too ill to travel from France to New York for a deposition were made without knowledge of Maestracci's personal travel to Vietnam, or the apparent improvement in Maestracci's health. Moreover, in affirming the Referee's order directing the deposition to take place in France, this Court did not emphasize Maestracci's health status, but rather the "limited nature of his knowledge, that he had not been born when the painting at issue was confiscated and that he was a toddler at the time of Stettiner's death" (Gowen v Helly Nahmad Gallery, Inc., 169 AD3d 580, 581 [1st Dept 2019]). Although LAL should have conferred with Maestracci for updated health information before making representations to the court, the statements were not "so egregious as to constitute frivolous conduct within the meaning of 22 NYCRR 130-1.1" (Nugent v City of New York, 189 AD3d 631, 632 [1st Dept 2020] [internal quotation marks omitted]; see also Fishoff Family Found. v Frydman, 148 AD3d 601, 601 [1st Dept 2017]).
We have considered defendants' remaining contentions and find them unavailing. M-2021-00174 Gowen v Helly Nahmad Gallery, et al. 
Motion to strike plaintiff's brief; to declare that Maestracci is a party and/or a co-plaintiff and is in default on this appeal; to bar Maestracci from submitting a respondent's brief; to deem Maestracci to have defaulted on defendants' sanctions motion; and to further sanction plaintiff and his counsel, denied. M-2021-003812 Gowen v Helly Nahmad Gallery, et al. 
Cross-motion to supplement the record and for sanctions, denied.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 30, 2024